Lipscomb, J".
The material facts of this case are as follows: The appellant, who was plaintiff in the court below, instituted suit against the defendants, the executors of B. E. Smith, on the note of their testator. It is admitted that the suit was commenced after twelve months had expired from the issuance of letters testamentary, and that due notice had been published, and that the demand liad not been presented within the time prescribed by the statute, and that the succession liad not been closed. The defendant pleaded that the claim had been barred by not having been presented in time. The parties, having waived a jury trial, submitted the case to the consideration of the judge and a judgment was given in favor of the defendants, sustaining the plea of the statutory bar to the action.
*(348) The plaintiff appealed and contends in this court that by the true construction of the statute, his claim is not barred, but that his failing to present it within the time prescribed by law only imposed upon him the consequence of having his claim postponed, until all those presented within the time had been satisfied.
The 16th section of the act regulating the duties of probate courts and the settlement of successions, passed on the 5th February, 1840, is in the following words: “That it shall be the duty of executors and and administrators, within two months after granting letters of administration or testamentary, to publish in some newspaper printed in the republic a notice, requiring all persons having claims against the estate of their testator or intestate, to exhibit the same within the time limited by law or the same shall be barred, which notice shall state the time of granting such letters testamentary or letters of administration, and shall continue to be published once a week for six weeks, and the claimants shall have twelve months from the date of letters testamentary or of administration to present their demands.” The appellant contends that this section is explained by the sixty-fifth and the sixty-sixth sections of the same act. The sixty-fifth section provides, “That the funds of an estate when paid over to the treasurer shall remain in deposit, until claimed by the heirs or those having a right to them.” The sixty-sixth section enacts, “That after paynient into the hands of the treasurer of the republic and the diseha/rge of the administrator, any one who has a right to claim the succession or the payment of any debts due him by the deceased, such heir must cause his quality to be recognized before the probate court, and such auditor (meant creditor) must cause his claim to be established in the county where the succession is opened.” It is insisted by the appellant that the two last cited sections control the sixteenth section of the act — that unless this construction should be given, no effect can be given to the sixty-fifth and sixty-sixth sections — that unless we restrict the bar of limitation, named in the sixteenth section, so as only to give a preference to those debts presented within the time prescribed, there would be no meaning in that part of the sixty-sixth section in favor of the creditor for debts due him by the deceased. ' It is an acknowledged rule of construction of a statute, that evei’y part must have effect if possible. If, then there can be a definite meaning given to the sixty-sixth section without referring to the sixteenth, we are bound to give it that meaning or otherwise we fail to give effect to the language of the sixteenth. Let us, then take up the two last sections and see if they are inoperative in any other way than to qualify the express intention of *(349) tlie 16 tli. The first of the two supposed unmeaning sections relates in its terms to a fund that is to be paid into the state treasury — this fund shall remain in deposit until claimed by the heirs or those having a right to it, when by a reference to another section of the same law, the fund referred to is the fund of an estate for which no heir presents himself, and it is the object of the law to bring a succession to a close and discharge the administration. This being the object, it would seem that there was potency enough in it, without ascribing to it the office of curtailing, if not destroying the efficiency of the sixteenth section, and so with the other section, it in the most explicit terms relates to things to be done after the close of the administration and its meaning is to' direct the mode of making that fund available, after it has been placed in the hands of the treasurer and the succession has been closed. Might it not often happen that a debt presented and acknowledged by the administrator and audited by the probate judge, would not be demanded or closed by a person authorized to receive it, until the time had arrived when the administrator would be required to close up the succession? What is to be done? Is it to be kept open because this debt has not been paid over or is this amount to be paid into the hands of the treasurer of the state in deposit, until claimed under the provisions of the sixty-sixth section? If it would embrace a case of this sort, we can give it effect without impairing the vigor of any other section.
We are not called upon to decide on the proceedings to be had in a claim on the funds of the estate, after they have been placed with the treasurer of the state in deposit. It is sufficient if we have shown that the two sections which we have been discussing refer to that fund, without supposing that they were intended to sanction the bringing of a suit after the time prescribed by the sixteenth section had elapsed, thereby keeping a succession open beyond the time when the law required that it should be closed. It would appear, too, tiiat the same policy by which we are called on to give a liberal construction to other statutes of limitation would as strongly demand the same rule to be applied to this, if not more so. It is much easier to bolster up fictitious and fraudulent demands against an estate than against the living. The dead can give no reference to evidence to disprove those fraudulent demands, hence, the necessity of subjecting claimants, not only to strict proof, but restricting them to a short time for presenting them. We are, therefore, of the opinion that there is no error in the judgment and it is affirmed with costs.